EX. C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| ANNESSA LEWIS,<br>　　Plaintiff,<br><br>　v.<br><br>BELLOWS FALLS CONGREGATION OF<br>JEHOVAH'S WITNESSES, BELLOWS<br>FALLS, VERMONT, INC.,<br>WATCHTOWER BIBLE AND TRACT<br>SOCIETY OF NEW YORK, INC., and<br>NORTON TRUE,<br>　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)　CIVIL ACTION NO. 1:14-cv-205<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT WATCHTOWER BIBLE AND TRACT SOCIETY OF NEW YORK, INC., OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendants Watchtower Bible and Tract Society of New York, Inc., (hereinafter "Watchtower") hereby provides the following response to Annessa Lewis's (hereinafter "Lewis") Requests for Production of Documents:

## OBJECTIONS TO PLAINTIFF'S DEFINITIONS

1.　　Watchtower objects to the definition of "You," "Your," and "Defendant" as expanding the scope of production required of a party pursuant to FRCP 34(a)(1) to those documents, ESI and tangible things within the party's possession, custody, or control. Thus, Watchtower objects to the breadth of the definition as including former or retired persons and persons who are not members of Watchtower, such as governing body members, branch committee members, district and circuit overseers, employees, branches, representatives, agents, districts, congregations, churches, etc., and seeking to include entities that do not relate to any of the defendants, such as "schools, principals, teachers, coaches, boards, directors, subsidiaries, counselors, associates, investigators independent contractors, accountants, attorneys and affiliated business entities."

2.　　Watchtower objects to Lewis's definition of "Body of Elders Letters" as misusing a term of art for letters to all bodies of elders. A letter to all Bodies of Elders is a letter sent by the U.S. Branch of Jehovah's Witnesses to all bodies of elders in the United States.

3.　　Watchtower objects to Lewis's definition of "Discipline" or "Disciplinary action" as improper and unrelated to Watchtower's ecclesiastical discipline of members in the congregation. Watchtower does not suspend, laicize, give leaves of absences, make or remove foreign assignments, take any action concerning sick leave, remove faculties, remove from the

clerical state, censure, dismiss, put on probation, arrest, prosecute, convict, sentence, impose expiatory penalties, or impose penal remedies.

    4.    Watchtower objects to Lewis's definition of "Possession" as an attempt to broaden the meaning of that word as defined in FRCP 34(a)(1) and the cases that have interpreted that Rule. Watchtower will instead comply with the Rules of Federal Procedure.

## OBJECTIONS AND RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Please produce All Documents Relating To any Disciplinary Action taken against the Perpetrator.

### RESPONSE NO. 1:

Objections:

1. The request seeks information that is privileged under Vermont's clergy-communicant privilege, 33 § 4913 and Evidence Rule 505 (see FRE 501). The privileged information concerns a 1986 matter unrelated to child abuse.

2. The request is overly broad as to scope and time.

3. The request seeks information that is irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

4. In addition to the objection to Lewis's attempt to re-define Watchtower's ecclesiastical disciplinary process, the term "Disciplinary Action" as used by Lewis is ambiguous.

5. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information after the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, Watchtower will produce the following responsive documents with redaction of privileged information (see Privilege Log) subject to the execution by Lewis's attorney of an appropriate agreed protective order.

| Doc. No. | Description |
|---|---|
| PL 2 | Form S-2a (2 pages) dated November 22, 1986, containing privileged information about internal ecclesiastical governance protected by the U.S. Constitution's First Amendment, information protected under the minister-communicant privilege, and information protected by personal privacy rights of third-parties (names and personal comments about spiritual qualities of persons who are not parties to this lawsuit). |

PL 3          Form S-2 (2 pages) dated [Month] 24-29, [Year] (month and year withheld until after Plaintiff's deposition), containing privileged information about internal ecclesiastical governance protected under the First Amendment, information protected under the minister-communicant privilege, and information protected by personal privacy rights of third-parties (comments by elders about spiritual qualities of persons who are not involved in this lawsuit).

Subject to and without waiving its objections, the following documents listed on Defendant's Privilege Log responsive to the request are not produced based on the privileges listed on the log:

| Doc. No. | Description |
|----------|-------------|
| PL 1 | Letter (1 page) dated November 20, 1986, from Bellows Falls Congregation elders to elders in the Service Department of the U.S. Branch of Jehovah's Witnesses regarding ecclesiastical discipline unrelated to child abuse. |

## REQUEST FOR PRODUCTION NO. 2:

Please produce Your file Relating To the Perpetrator.

## RESPONSE NO. 2:

Objections:

1. The request seeks information that is privileged under Vermont's clergy-communicant privilege, 33 § 4913 and Evidence Rule 505 (and see FRE 501).

2. The request is overly broad as to scope and time.

3. Watchtower reiterates its objection to the term "Your."

4. The request seeks disclosure of documents that contain confidential and personal information about persons who are not parties to this lawsuit, the disclosure of which would invade their privacy and other rights, as identified on the privilege log.

5. The request seeks information related to religious faith, custom, belief, or to internal church governance or discipline. Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

6. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information <u>after</u> the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, Watchtower responds as follows: None.

## REQUEST FOR PRODUCTION NO. 3:

Please produce Your confidential files Relating To the Perpetrator.

## RESPONSE NO. 3:

Objections:

1. The request seeks information that is privileged under Vermont's clergy-communicant privilege, 33 § 4913 and Evidence Rule 505 (and see FRE 501). The information that is privileged concerns a 1986 disciplinary matter that does not pertain to child abuse.

2. The request is overly broad as to scope and time.

3. The request seeks documents that contain information that is irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

4. Watchtower reiterates its objection to the term "Your."

5. The request calls for the disclosure of documents that contain confidential and personal information involving persons who are not parties to this lawsuit, the disclosure of which would invade their privacy rights, as identified on the privilege log.

6. The request seeks information related to religious faith, custom, belief, or to internal church governance or discipline. Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

7. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information after the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, Watchtower responds as follows: None.

## REQUEST FOR PRODUCTION NO. 4:

Please produce All minutes of the meetings of the Personnel Board, Senate, Elders, Board of Consultors, Definitorium, Governing Body OR any other advising body to You Relating To the Perpetrator.

## RESPONSE NO. 4:

Objections:

4

1. The request seeks information that is privileged under Vermont's clergy-communicant privilege, 33 § 4913 and Evidence Rule 505 (and see FRE 501).

2. The request is overly broad as to scope and time.

3. The request seeks information that is irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

4. Watchtower reiterates its objection to the term "You."

5. The request seeks information related to religious faith, custom, belief, and to internal church governance or discipline; Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

6. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information <u>after</u> the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, Watchtower is unable to comply with this category of production despite undertaking a diligent search and reasonable inquiry in an effort to comply as no responsive documents are in Watchtower's possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 5:

Please produce All reports from any meetings of the Personnel Board, Senate, Elders, Board of Consultors, Definitorium, Governing Body OR any other advising body Relating To the Perpetrator.

## RESPONSE NO. 5:

Objections:

1. The request seeks information that is privileged under Vermont's clergy-communicant privilege, 33 § 4913 and Evidence Rule 505 (and see FRE 501).

2. The request is overly broad as to scope and time.

3. The request seeks information that is irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

4. The request seeks information related to religious faith, custom, belief, and to internal church governance or discipline; Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

5

5. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information _after_ the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, Watchtower is unable to comply with this category of production despite undertaking a diligent search and reasonable inquiry in an effort to comply as no responsive documents are in Watchtower's possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 6:

Please produce All Documents Relating To the Perpetrator which were sent to Or received from any Circuit Overseer and You.

## RESPONSE NO. 6:

Objections:

1. The request seeks information that is privileged under Vermont's clergy-communicant privilege, 33 § 4913 and Evidence Rule 505 (and see FRE 501).

2. The request is overly broad as to scope and time.

3. The request seeks information that is irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

4. Watchtower reiterates its objection to the term "You."

5. The request seeks information related to religious faith, custom, belief, and to internal church governance or discipline; Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. _See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich_, 426 U.S. 696 (1976).

6. Further, the request as a whole is ambiguous and unintelligible as written.

7. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information _after_ the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, Watchtower does not have any documents relating to the Perpetrator in its possession, custody, or control that were either sent to or received from both a circuit overseer and itself.

## REQUEST FOR PRODUCTION NO. 7:

Please produce any summaries of documents prepared by You Relating To the Perpetrator.

6

**RESPONSE NO. 7:**

Objections:

1. The request seeks information that is privileged under Vermont's clergy-communicant privilege, 33 § 4913 and Evidence Rule 505 (and see FRE 501).

2. The request is overly broad as to scope and time.

3. The request seeks information that is irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

4. Watchtower reiterates its objection to the term "You."

5. The request seeks information related to religious faith, custom, belief, and to internal church governance or discipline; Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

6. The request improperly seeks documents protected by the attorney-client privilege and Attorney work product doctrine.

7. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information <u>after</u> the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, Watchtower is unable to comply with this category of production despite undertaking a diligent search and reasonable inquiry in an effort to comply as no responsive documents are in Watchtower's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 8:**

Please produce All Documents Relating To allegations, complaints, Or reports of sexual abuse of any minor(s) made against the Perpetrator.

**RESPONSE NO. 8:**

Objections:

1. The request seeks information that is privileged under Vermont's clergy-communicant privilege, 33 § 4913 and Evidence Rule 505 (and see FRE 501).

2. The request is overly broad as to time.

3. The request calls for the disclosure of confidential and personal information involving persons who are not parties to this lawsuit and is an invasion of their privacy rights, as identified on the privilege log.

4. The request seeks information related to religious faith, custom, belief, and to internal church governance or discipline; Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

5. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information after the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, attached are the following non-privileged responsive documents.

July 15, 1997, letter from the State of Vermont Agency of Human Services to William Kraham, Esq.

April 14, 1998, letter from the Law Office of William E. Kraham to Mr. Norton True.

October 16, 1998, letter from the State of Vermont Agency of Human Services to The Lewis Family.

October 16, 1998, letter from the State of Vermont Agency of Human Services to The Lewis Family. (Duplicate)

July 21, 1999, letter from Marina L. Mavroleon to the South Congregation, Claremont, New Hampshire.

Letter (16 pages) dated January 5, 1993, from Defendant Norton True and Charleen True (deceased) to the U.S. Branch of Jehovah's Witnesses regarding the Bathrick family.

Subject to and without waiving its objections, the following documents listed on Watchtower's attached Privilege Log responsive to the request are not produced based on the privileges listed on the log:

| Doc. No. | Description |
|---|---|
| PL 7 | Telememos (12 pages) dated July 29, 1996, July 30, 1996, August 2, 1996, and May 2, 2000, of telephone calls between two elders in the Bellows Falls Congregation and Watchtower Legal Department attorneys Richard Moake (identified by desk symbol "LLJ"), Gregory Olds (identified by desk symbol "LLD"), and William Bell (identified by desk symbol "LLE") documenting legal advice given based on information that the Bellows Falls elders obtained from conversations protected by the minister-communicant privilege. |
| PL 11 | Letter (2 pages) dated January 15, 1999, from elders in the South Congregation of Claremont, NH, to elders in Bellows Falls Congregation regarding internal ecclesiastical governance containing minister-penitent |

8

communications between Norton True and Bellows Falls Congregation elders.

PL 12    Letter (3 pages) dated February 23, 1999, from elders in the Bellows Falls Congregation to elders in the South Congregation of Claremont, New Hampshire, regarding internal ecclesiastical governance.

PL 13    Letter (1 page) dated August 2, 1999, from Timothy Friebus (circuit overseer assigned to Vermont) regarding communication with Marina Mavroleon protected under the minister-communicant privilege, regarding internal ecclesiastical governance.

PL 14    Letter (2 pages) dated September 30, 1999, from elders in the Service Department of the U.S. Branch of Jehovah's Witnesses to elders in the Bellows Falls Congregation regarding internal ecclesiastical governance and minister-penitent communications between Norton True and Bellows Falls Congregation elders.

PL 15    Letter (3 pages) dated January 11, 2000, from elders in the Bellows Falls Congregation to elders in the Service Department of the U.S. Branch of Jehovah's Witnesses regarding internal ecclesiastical governance and minister-penitent communications between Norton True and Bellows Falls Congregation elders.

PL 16    Letter (1 page) dated May 1, 2000, from elders in the Service Department of U.S. Branch of Jehovah's Witnesses to elders in the Bellows Falls Congregation regarding internal ecclesiastical governance and minister-penitent communications between Norton True and Bellows Falls Congregation elders.

PL 17    Watchtower Legal Department summary (4 pages) dated May 2, 2000, , by Attorney William Bell in Watchtower's Legal Department documenting legal advice provided to elders in the Bellows Falls Congregation based on information that the Bellows Falls elders obtained from conversations protected by the minister-communicant privilege.

## REQUEST FOR PRODUCTION NO. 9:

Please produce All Documents Relating To investigations of sexual abuse of any minor(s) Regarding the Perpetrator.

## RESPONSE NO. 9:

Objections:

1.  The request seeks information that is privileged under Vermont's clergy-communicant privilege, 33 § 4913 and Evidence Rule 505 (and see FRE 501).

2. The request is overly broad as to time.

3. The request calls for the disclosure of confidential and personal information involving persons who are not parties to this lawsuit the disclosure of which would invade their privacy rights, as identified on the privilege log.

4. The request seeks information related to religious faith, custom, belief, and to internal church governance or discipline, Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

5. The request improperly seeks documents protected by the attorney-client privilege and attorney work product doctrine.

6. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information <u>after</u> the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, Watchtower will produce the following non-privileged responsive documents.

1996 Vermont State Police Investigation Report—Case #96D101863

July 15, 1997, letter from the State of Vermont Agency of Human Services to William Kraham, Esq.

April 14, 1998, letter from the Law Office of William E. Kraham to Mr. Norton True.

October 16, 1998, letter from the State of Vermont Agency of Human Services to The Lewis Family.

October 16, 1998, letter from the State of Vermont Agency of Human Services to The Lewis Family. (Duplicate)

Letter (16 pages) dated January 5, 1993, from Defendant Norton True and Charleen True (deceased) to the U.S. Branch of Jehovah's Witnesses regarding the Bathrick family.

Subject to and without waiving its objections, the following documents from Watchtower's attached Privilege Log responsive to the request are not produced based on the privileges listed on the log:

| Doc. No. | Description |
|---|---|
| PL 7 | Telememos (12 pages) dated July 29, 1996, July 30, 1996, August 2, 1996, and May 2, 2000, of telephone calls between two elders in the Bellows Falls Congregation and Watchtower Legal Department attorneys Richard Moake (identified by desk symbol "LLJ"), Gregory Olds (identified by desk |

symbol "LLD"), and William Bell (identified by desk symbol "LLE") documenting legal advice given based on information that the Bellows Falls elders obtained from conversations protected by the minister-communicant privilege.

PL 11    Letter (2 pages) dated January 15, 1999, from elders in the South Congregation of Claremont, NH, to elders in Bellows Falls Congregation regarding internal ecclesiastical governance containing minister-penitent communications between Norton True and Bellows Falls Congregation elders.

PL 12    Letter (3 pages) dated February 23, 1999, from elders in the Bellows Falls Congregation to elders in the South Congregation of Claremont, New Hampshire, regarding internal ecclesiastical governance.

PL 13    Letter (1 page) dated August 2, 1999, from Timothy Friebus (circuit overseer assigned to Vermont) regarding communication with Marina Mavroleon protected under the minister-communicant privilege, regarding internal ecclesiastical governance.

PL 14    Letter (2 pages) dated September 30, 1999, from elders in the Service Department of the U.S. Branch of Jehovah's Witnesses to elders in the Bellows Falls Congregation regarding internal ecclesiastical governance and minister-penitent communications between Norton True and Bellows Falls Congregation elders.

PL 15    Letter (3 pages) dated January 11, 2000, from elders in the Bellows Falls Congregation to elders in the Service Department of the U.S. Branch of Jehovah's Witnesses regarding internal ecclesiastical governance and minister-penitent communications between Norton True and Bellows Falls Congregation elders.

PL 16    Letter (1 page) dated May 1, 2000, from elders in the Service Department of U.S. Branch of Jehovah's Witnesses to elders in the Bellows Falls Congregation regarding internal ecclesiastical governance and minister-penitent communications between Norton True and Bellows Falls Congregation elders.

PL 17    Watchtower Legal Department summary (4 pages) dated May 2, 2000, by Attorney William Bell in Watchtower's Legal Department documenting legal advice provided to elders in the Bellows Falls Congregation based on information that the Bellows Falls elders obtained from conversations protected by the minister-communicant privilege.

## REQUEST FOR PRODUCTION NO. 10:

Please produce All Documents Relating To allegations, complaints, Or reports of sexual abuse of any minor(s) made against the Perpetrator before the Perpetrator was baptized.

**RESPONSE NO. 10:**

Objections:

1. The request seeks information that is privileged under Vermont's clergy-communicant privilege, 33 § 4913 and Evidence Rule 505 (and see FRE 501).

2. The request calls for disclosure of confidential and personal information involving persons who are not parties to this lawsuit, the disclosure of which would invade their privacy rights.

Subject to and without waiving its objections, Watchtower is unable to comply with this category of production despite undertaking a diligent search and reasonable inquiry in an effort to comply as no responsive documents are in Watchtower's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce All Documents Relating To Your reporting of the Perpetrator's suspected or alleged incidents of sexual abuse of any minor(s) to a child protective agency Or law enforcement agency.

**RESPONSE NO. 11:**

Objections:

1. The request is overly broad as to time.

2. Watchtower reiterates its objection to the term "Your."

3. The request calls for the disclosure of confidential and personal information involving persons who are not parties to this lawsuit the disclosure of which would invade their privacy rights.

4. The request improperly seeks documents protected by the attorney-client privilege and attorney work product doctrine.

5. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information after the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, the following documents from Watchtower's attached Privilege Log responsive to the request are not produced based on the privileges listed on the log:

| Doc. No. | Description |
| --- | --- |
| PL 7 | Telememos (12 pages) dated July 29, 1996, July 30, 1996, August 2, 1996, and May 2, 2000, of telephone calls between two elders in the Bellows Falls Congregation and Watchtower Legal Department attorneys Richard Moake |

12

(identified by desk symbol "LLJ"), Gregory Olds (identified by desk symbol "LLD"), and William Bell (identified by desk symbol "LLE") documenting legal advice given based on information that the Bellows Falls elders obtained from conversations protected by the minister-communicant privilege.

PL 17       Watchtower Legal Department summary (4 pages) dated May 2, 2000, by Attorney William Bell in Watchtower's Legal Department documenting legal advice provided to elders in the Bellows Falls Congregation based on information that the Bellows Falls elders obtained from conversations protected by the minister-communicant privilege.

## REQUEST FOR PRODUCTION NO. 12:

Please produce All Documents Relating To any investigations of sexual abuse of any minor(s) by the Perpetrator by a child protective agency Or law enforcement agency.

## RESPONSE NO. 12:

Objection: the request is overly broad as to time.

Subject to and without waiving the objection, Watchtower will produce the following non-privileged responsive documents.

1996 Vermont State Police Investigation Report—Case #96D101863

July 15, 1997, letter from the State of Vermont Agency of Human Services to William Kraham, Esq.

October 16, 1998, letter from the State of Vermont Agency of Human Services to The Lewis Family.

October 16, 1998, letter from the State of Vermont Agency of Human Services to The Lewis Family. (Duplicate)

## REQUEST FOR PRODUCTION NO. 13:

Please produce All Documents Relating To the disfellowship of the Perpetrator including, but not limited to, any petitions, applications, processes, minutes, oppositions, declarations, correspondence, findings, transcripts, Or orders.

## RESPONSE NO. 13:

Objections:

1. The request seeks information that is privileged under Vermont's clergy-communicant privilege, 33 § 4913 and Evidence Rule 505 (and see FRE 501).

2. The request is overly broad as to time.

3. The request seeks information that is irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

4. The request calls for the disclosure of confidential and personal information involving persons who are not parties to this lawsuit the disclosure of which would invade their privacy rights.

5. The request seeks information related to religious faith, custom, belief, or to internal church governance or discipline; Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

6. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information <u>after</u> the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, Watchtower is unable to comply with this category of production despite undertaking a diligent search and reasonable inquiry in an effort to comply as no responsive documents are in Watchtower's possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 14:

Please produce All Documents Relating To the Perpetrator's appointment as a ministerial servant.

## RESPONSE NO. 14:

Objections:

1. The request is overly broad as to time.

2. The request seeks information related to religious faith, custom, belief, and to internal church governance or discipline; Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

3. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information <u>after</u> the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, Watchtower will produce the following responsive document with redaction of privileged information (see Privilege Log) subject to the execution by Lewis's attorney of an appropriate agreed protective order.

Doc. No.     Description

PL 3          Form S-2 (2 pages) dated [Month] 24-29, [Year] (month and year withheld until after Plaintiff's deposition), containing privileged information about internal ecclesiastical governance protected under the First Amendment, information protected under the minister-communicant privilege, and information protected by personal privacy rights of third-parties (comments by elders about spiritual qualities of persons who are not involved in this lawsuit).

## REQUEST FOR PRODUCTION NO. 15:

Please produce All Documents Relating To the Perpetrator's appointment as an elder.

## RESPONSE NO. 15:

Objections:

1. The request is overly broad as to time.

2. The request seeks information related to religious faith, custom, belief, and to internal church governance or discipline; Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

3. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information <u>after</u> the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, Watchtower is unable to comply with this category of production despite undertaking a diligent search and reasonable inquiry in an effort to comply as no responsive documents are in Watchtower's possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 16:

All Documents that reflect any Mental Care Provider expenses You paid on behalf the Perpetrator, including but not limited to, expenses for evaluations Or treatment.

## RESPONSE NO. 16:

Objections:

1. The request seeks information that is privileged under Vermont's physician-patient privilege.

2. The request is overly broad as to time.

3. The request seeks information that is irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

4. Watchtower reiterates its objection as to the term "You."

5. The request constitutes an unwarranted invasion of the constitutional, statutory, and common-law rights of privacy of Defendant True.

6. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information <u>after</u> the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, Watchtower is unable to comply with this category of production despite undertaking a diligent search and reasonable inquiry in an effort to comply as no responsive documents are in Watchtower's possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 17:

Please produce All Documents that reflect any attorney and/or legal expenses You have paid on behalf of the Perpetrator.

## RESPONSE NO. 17:

Objections:

1. The request is overly broad as to scope and time.

2. The request seeks information that is irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

3. Watchtower reiterates its objection as to the term "You."

4. The request improperly seeks documents protected by the attorney-client privilege and Attorney work product doctrine.

5. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information <u>after</u> the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, Watchtower is unable to comply with this category of production despite undertaking a diligent search and reasonable inquiry in an effort to comply as no responsive documents are in Watchtower's possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 18:

Please produce All Documents Relating To any mental Or psychiatric examination, evaluation, investigation, Or analysis of the Perpetrator.

## RESPONSE NO. 18:

Objections:

1. The request seeks information that is privileged under Vermont's physician-patient and psychologist-patient privileges.

2. The request is overly broad as to scope and time.

3. The request seeks information that is irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

4. The request constitutes an unwarranted invasion of the constitutional, statutory, and common-law rights of privacy of Defendant True.

5. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information _after_ the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, Watchtower is unable to comply with this category of production despite undertaking a diligent search and reasonable inquiry in an effort to comply as no responsive documents are in Watchtower's possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 19:

Please produce All Documents received by You from any Mental Care Provider Regarding the Perpetrator.

## RESPONSE NO. 19:

Objections:

1. The request seeks information that is privileged under Vermont's physician-patient and psychologist-patient privileges.

2. The request is overly broad as to scope and time.

3. The request seeks information that is irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

4. Watchtower reiterates its objection as to the term "You."

5. The request constitutes an unwarranted invasion of the constitutional, statutory, and common-law rights of privacy of Defendant True.

6. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information _after_ the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, Watchtower is unable to comply with this category of production despite undertaking a diligent search and reasonable inquiry in an effort to comply as no responsive documents are in Watchtower's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 20:**

Please produce All Documents transferred between You And any Mental Care Provider Regarding the Perpetrator.

**RESPONSE NO. 20:**

Objections:

1. The request seeks information that is privileged under Vermont's physician-patient and psychologist-patient privileges.

2. The request is overly broad as to scope and time.

3. The request seeks information that is irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

4. Watchtower reiterates its objection as to the term "You."

5. The request constitutes an unwarranted invasion of the constitutional, statutory, and common-law rights of privacy of Defendant True.

6. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information <u>after</u> the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, Watchtower is unable to comply with this category of production despite undertaking a diligent search and reasonable inquiry in an effort to comply as no responsive documents are in Watchtower's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 21:**

Please produce All Documents Relating To Your monitoring And/Or supervising the Perpetrator.

**RESPONSE NO. 21:**

Objections:

1. The request seeks information that is privileged under Vermont's clergy-communicant privilege, 33 § 4913 and Evidence Rule 505 (and see FRE 501).

2. The request is overly broad as to scope and time.

3. The request is vague, ambiguous, compound, and unintelligible as to the terms "monitoring" and "supervising."

4. Watchtower reiterates its objection as to the term "Your."

5.  The request seeks information related to religious faith, custom, belief, and to internal church governance or discipline; Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

6.  This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information <u>after</u> the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, Watchtower is unable to comply with this category of production despite undertaking a diligent search and reasonable inquiry in an effort to comply as no responsive documents are in Watchtower's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 22:**

Please produce All Documents from Or Relating To any church or canonical prosecution of the Perpetrator for sexual abuse of any minor(s) by the Perpetrator.

**RESPONSE NO. 22:**

Objections:

1.  Watchtower does not engage in "church or canonical prosecution" of anyone, and reiterates its above objection to that phrase as applied to Watchtower.

2.  The request seeks information that is privileged under Vermont's clergy-communicant privilege, 33 § 4913 and Evidence Rule 505 (and see FRE 501).

3.  The request is overly broad as to scope and time.

4.  The request constitutes an unwarranted invasion of the constitutional, statutory, and common-law rights of privacy of Defendant True and any minor named in such documents.

5.  The request seeks information related to religious faith, custom, belief, and internal church governance or discipline; Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

6.  This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information <u>after</u> the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, Watchtower is unable to comply with this category of production despite undertaking a diligent search and reasonable inquiry in an effort to comply as no responsive documents are in Watchtower's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 23:**

Please produce All Documents from Or Relating To any criminal investigation And/Or prosecution of the Perpetrator for sexual abuse of any minor(s).

**RESPONSE NO. 23:**

Objection: the request is overly broad as to scope and time.

Subject to and without waiving its objection, Watchtower will produce the following responsive documents.

1996 Vermont State Police Investigation Report—Case #96D101863

July 15, 1997, letter from the State of Vermont Agency of Human Services to William Kraham, Esq.

October 16, 1998, letter from the State of Vermont Agency of Human Services to The Lewis Family.

October 16, 1998, letter from the State of Vermont Agency of Human Services to The Lewis Family. (Duplicate)

**REQUEST FOR PRODUCTION NO. 24:**

Please produce All Documents Relating To any lawsuits or claims involving the Perpetrator.

**RESPONSE NO. 24:**

Objections:

1. The request as it is overly broad as to scope and time.

2. The request seeks information that is irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

3. The request improperly seeks documents protected by the attorney-client privilege and Attorney work product doctrine.

4. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information after the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, Watchtower is unable to comply with this category of production despite undertaking a diligent search and reasonable inquiry in an effort to comply as no responsive documents are in Watchtower's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 25:**

Please produce All depositions the Perpetrator has given in any case, administrative action, canon law action, Or litigation.

**RESPONSE NO. 25:**

Objections:

1. The request is overly broad as to scope and time.

2. The request seeks information that is irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Defendant unable to comply with this category of production despite undertaking a diligent search and reasonable inquiry in an effort to comply as no responsive documents are in Watchtower's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 26:**

Please produce All depositions given by any Person in any case involving allegations of sexual abuse of any minor(s) by the Perpetrator.

**RESPONSE NO. 26:**

Watchtower is unable to comply with this category of production despite undertaking a diligent search and reasonable inquiry in an effort to comply as no responsive documents are in Watchtower's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 27:**

Please produce All discovery produced by Or to You in any case involving allegations of sexual abuse of any minor(s) by the Perpetrator.

**RESPONSE NO. 27:**

Objections:

1. The request is overly broad as to time.

2. The request seeks information that is irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

3. Watchtower reiterates its objection as to the term "You."

Subject to and without waiving its objections, Watchtower is unable to comply with this category of production despite undertaking a diligent search and reasonable inquiry in an effort to comply as no responsive documents are in Watchtower's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 28:**

Please produce All photographs, videotapes, And taped recordings taken by the Perpetrator of any minors.

**RESPONSE NO. 28:**

Objections:

1. The request is overly broad as to time.

2. The request seeks information that is irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Watchtower is unable to comply with this category of production despite undertaking a diligent search and reasonable inquiry in an effort to comply as no responsive documents are in Watchtower's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 29:**

Please produce All electronic Documents in which any alleged sexual abuse of any minor(s) by the Perpetrator is discussed, including but not limited to, All digital files and e- emails.

**RESPONSE NO. 29:**

Objections:

1. The request seeks information that is privileged under Vermont's clergy-communicant privilege, 33 § 4913 and Evidence Rule 505 (and see FRE 501).

2. Watchtower objects to the request as it is overly broad as to time.

3. The request constitutes an unwarranted invasion of the constitutional, statutory, and common-law rights of privacy of Defendant True and any minors named in such documents.

4. The request seeks information related to religious faith, custom, belief, and internal church governance or discipline; Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

5. The request improperly seeks documents protected by the attorney-client privilege and Attorney work product doctrine.

6. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information after the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, Watchtower is unable to comply with this category of production despite undertaking a diligent search and reasonable inquiry in an effort to comply as no responsive electronic documents are in Watchtower's possession, custody, or control, other than hard-copy documents described above and below that have been scanned into computers. All of the privileges asserted for the hard-copy documents are re-asserted here, and the same treatment of those hard-copy documents is asserted here.

**REQUEST FOR PRODUCTION NO. 30:**

Please produce Your diaries And/Or calendars Relating To Or that mention the Perpetrator, including but not limited to, diaries kept by any employee, volunteer, representative, agent, elder, ministerial servant, guardian, Or aftercare monitor or mentor.

**RESPONSE NO. 30:**

Objections:

1. The request seeks information that is privileged under Vermont's clergy-communicant privilege, 33 § 4913 and Evidence Rule 505 (and see FRE 501).

2. The request is overly broad as to scope and time.

3. The request seeks information that is irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

4. Watchtower iterates its objection as to the term "Your."

5. The request constitutes an unwarranted invasion of the constitutional, statutory, and common-law rights of privacy of Defendant True.

6. The request seeks information related to religious faith, custom, belief, and internal church governance or discipline; Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

7. The request improperly seeks documents protected by the attorney-client privilege and Attorney work product doctrine.

8. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information after the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, Watchtower is unable to comply with this category of production despite undertaking a diligent search and reasonable inquiry in an effort to comply as no responsive documents are in Watchtower's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 31:**

Please produce All Documents that refer to Annessa Lewis or any member of her family.

**RESPONSE NO. 31:**

Objections:

1. The request seeks information that is privileged under Vermont's clergy-communicant privilege, 33 § 4913 and Evidence Rule 505 (and see FRE 501).

2. The request is overly broad as to scope and time.

3. The request calls for the disclosure of confidential and personal information involving persons who are not parties to this lawsuit the disclosure of which would invade their privacy rights, as identified on the privilege log.

4. The request seeks information related to religious faith, custom, belief, and internal church governance or discipline; Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

5. The request improperly seeks documents protected by the attorney-client privilege and Attorney work product doctrine.

6. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information <u>after</u> the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, attached are the following non-privileged responsive documents.

1996 Vermont State Police Investigation Report—Case #96D101863

July 15, 1997, letter from the State of Vermont Agency of Human Services to William Kraham, Esq.

October 16, 1998, letter from the State of Vermont Agency of Human Services to The Lewis Family.

October 16, 1998, letter from the State of Vermont Agency of Human Services to The Lewis Family. (Duplicate)

July 21, 1999, letter from Marina L. Mavroleon to the South Congregation, Claremont, New Hampshire.

24

Subject to and without waiving its objections, the following documents listed on Watchtower's attached Privilege Log responsive to the request are not produced based on the privileges listed on the log:

| Doc. No. | Description |
| --- | --- |
| PL 5 | Watchtower Legal Department telememo (2 pages) dated October 28, 1994, of telephone call between an elder in the Bellows Falls Congregation and Attorney Gregory Olds (identified by desk symbol "LLD") in the Watchtower Legal Department documenting legal advice given based on information the Bellows Falls elders obtained from a conversation protected by the minister-communicant privilege. |
| PL 6 | Watchtower Legal Department summary (2 pages) dated October 28, 1994, by Attorney William Bell of Watchtower's Legal Department documenting legal advice provided to an elder in the Bellows Falls Congregation based on information that the Bellows Falls elders obtained from a conversation protected by the minister-communicant privilege. |
| PL 7 | Telememos (12 pages) dated July 29, 1996, July 30, 1996, August 2, 1996, and May 2, 2000, of telephone calls between two elders in the Bellows Falls Congregation and Watchtower Legal Department attorneys Richard Moake (identified by desk symbol "LLJ"), Gregory Olds (identified by desk symbol "LLD"), and William Bell (identified by desk symbol "LLE") documenting legal advice given based on information that the Bellows Falls elders obtained from conversations protected by the minister-communicant privilege. |
| PL 9 | Form S-77 (2 pages) dated September 11, 1997, concerning communication between Keith Lewis and elders in Bellows Falls Congregation, privileged under minister-communicant privilege. |
| PL 10 | Event record (1 page) dated September 11, 1997, documenting privileged communications between Keith Lewis and elders in Bellows Falls Congregation, privileged under minister-communicant privilege, disclosure of which would also violate Mr. Lewis's privacy right. |
| PL 11 | Letter (2 pages) dated January 15, 1999, from elders in the South Congregation of Claremont, NH, to elders in Bellows Falls Congregation regarding internal ecclesiastical governance containing minister-penitent communications between Norton True and Bellows Falls Congregation elders. |
| PL 12 | Letter (3 pages) dated February 23, 1999, from elders in the Bellows Falls Congregation to elders in the South Congregation of Claremont, New Hampshire, regarding internal ecclesiastical governance. |

PL 13        Letter (1 page) dated August 2, 1999, from Timothy Friebus (circuit overseer assigned to Vermont) regarding communication with Marina Mavroleon protected under the minister-communicant privilege, regarding internal ecclesiastical governance.

PL 14        Letter (2 pages) dated September 30, 1999, from elders in the Service Department of the U.S. Branch of Jehovah's Witnesses to elders in the Bellows Falls Congregation regarding internal ecclesiastical governance and minister-penitent communications between Norton True and Bellows Falls Congregation elders.

PL 15        Letter (3 pages) dated January 11, 2000, from elders in the Bellows Falls Congregation to elders in the Service Department of the U.S. Branch of Jehovah's Witnesses regarding internal ecclesiastical governance and minister-penitent communications between Norton True and Bellows Falls Congregation elders.

PL 16        Letter (1 page) dated May 1, 2000, from elders in the Service Department of U.S. Branch of Jehovah's Witnesses to elders in the Bellows Falls Congregation regarding internal ecclesiastical governance and minister-penitent communications between Norton True and Bellows Falls Congregation elders.

PL 17        Watchtower Legal Department summary (4 pages) dated May 2, 2000, by Attorney William Bell in Watchtower's Legal Department documenting legal advice provided to elders in the Bellows Falls Congregation based on information that the Bellows Falls elders obtained from conversations protected by the minister-communicant privilege.

## REQUEST FOR PRODUCTION NO. 32:

Please produce All Documents Relating To complaints made by Annessa Lewis, Or her siblings, relatives, family, Or parents Regarding the Perpetrator.

## RESPONSE NO. 32:

Objections:

1.  The request seeks information that is privileged under Vermont's clergy-communicant privilege, 33 § 4913 and Evidence Rule 505 (and see FRE 501).

2.  The request is overly broad as to scope and time.

3.  The request is ambiguous as to the term "complaints."

4.  The request constitutes an unwarranted invasion of the constitutional, statutory, and common-law rights of privacy of the individuals who are not parties to this litigation.

5. The request seeks information related to religious faith, custom, belief, and internal church governance or discipline, Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

6. The request improperly seeks documents protected by the attorney-client privilege and Attorney work product doctrine.

7. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information <u>after</u> the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, attached are the following non-privileged responsive documents.

1996 Vermont State Police Investigation Report—Case #96D101863

July 15, 1997, letter from the State of Vermont Agency of Human Services to William Kraham, Esq.

April 14, 1998, letter from the Law Office of William E. Kraham to Mr. Norton True.

October 16, 1998, letter from the State of Vermont Agency of Human Services to The Lewis Family.

October 16, 1998, letter from the State of Vermont Agency of Human Services to The Lewis Family. (Duplicate)

July 21, 1999, letter from Marina L. Mavroleon to the South Congregation, Claremont, New Hampshire.

Subject to and without waiving its objections, the following documents from Watchtower's attached Privilege Log responsive to the request are not produced based on the privileges listed on the log:

| Doc. No. | Description |
| --- | --- |
| PL 7 | Telememos (12 pages) dated July 29, 1996, July 30, 1996, August 2, 1996, and May 2, 2000, of telephone calls between two elders in the Bellows Falls Congregation and Watchtower Legal Department attorneys Richard Moake (identified by desk symbol "LLJ"), Gregory Olds (identified by desk symbol "LLD"), and William Bell (identified by desk symbol "LLE") documenting legal advice given based on information that the Bellows Falls elders obtained from conversations protected by the minister-communicant privilege. |

PL 11   Letter (2 pages) dated January 15, 1999, from elders in the South Congregation of Claremont, NH, to elders in Bellows Falls Congregation regarding internal ecclesiastical governance containing minister-penitent communications between Norton True and Bellows Falls Congregation elders.

PL 12   Letter (3 pages) dated February 23, 1999, from elders in the Bellows Falls Congregation to elders in the South Congregation of Claremont, New Hampshire, regarding internal ecclesiastical governance.

PL 13   Letter (1 page) dated August 2, 1999, from Timothy Friebus (circuit overseer assigned to Vermont) regarding communication with Marina Mavroleon protected under the minister-communicant privilege, regarding internal ecclesiastical governance.

PL 14   Letter (2 pages) dated September 30, 1999, from elders in the Service Department of the U.S. Branch of Jehovah's Witnesses to elders in the Bellows Falls Congregation regarding internal ecclesiastical governance and minister-penitent communications between Norton True and Bellows Falls Congregation elders.

PL 15   Letter (3 pages) dated January 11, 2000, from elders in the Bellows Falls Congregation to elders in the Service Department of the U.S. Branch of Jehovah's Witnesses regarding internal ecclesiastical governance and minister-penitent communications between Norton True and Bellows Falls Congregation elders.

PL 16   Letter (1 page) dated May 1, 2000, from elders in the Service Department of U.S. Branch of Jehovah's Witnesses to elders in the Bellows Falls Congregation regarding internal ecclesiastical governance and minister-penitent communications between Norton True and Bellows Falls Congregation elders.

PL 17   Watchtower Legal Department summary (4 pages) dated May 2, 2000, by Attorney William Bell in Watchtower's Legal Department documenting legal advice provided to elders in the Bellows Falls Congregation based on information that the Bellows Falls elders obtained from conversations protected by the minister-communicant privilege.

## REQUEST FOR PRODUCTION NO. 33:

Please produce All Documents Relating To the investigation of complaints Or reports made by Annessa Lewis, Or her siblings, relatives, family, Or parents Regarding the Perpetrator.

## RESPONSE NO. 33:

Objections:

1. The request seeks information that is privileged under Vermont's clergy-communicant privilege, 33 § 4913 and Evidence Rule 505 (and see FRE 501).

2. The request is overly broad as to scope and time.

3. The request calls for the disclosure of confidential and personal information involving persons who are not parties to this lawsuit the disclosure of which would invade their privacy rights, as identified on the privilege log.

4. The request seeks information related to religious faith, custom, belief, and internal church governance or discipline; Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

5. The request improperly seeks documents protected by the attorney-client privilege and Attorney work product doctrine.

6. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information after the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, Watchtower will produce the following non-privileged responsive documents.

1996 Vermont State Police Investigation Report—Case #96D101863

July 15, 1997, letter from the State of Vermont Agency of Human Services to William Kraham, Esq.

April 14, 1998, letter from the Law Office of William E. Kraham to Mr. Norton True.

October 16, 1998, letter from the State of Vermont Agency of Human Services to The Lewis Family.

October 16, 1998, letter from the State of Vermont Agency of Human Services to The Lewis Family. (Duplicate)

July 21, 1999, letter from Marina L. Mavroleon to the South Congregation, Claremont, New Hampshire.

Subject to and without waiving its objections, the following documents from Watchtower's attached Privilege Log responsive to the request are not produced based on the privileges listed on the log:

| Doc. No. | Description |
|----------|-------------|
| PL 7 | Telememos (12 pages) dated July 29, 1996, July 30, 1996, August 2, 1996, and May 2, 2000, of telephone calls between two elders in the Bellows Falls Congregation and Watchtower Legal Department attorneys Richard Moake (identified by desk symbol "LLJ"), Gregory Olds (identified by desk symbol "LLD"), and William Bell (identified by desk symbol "LLE") documenting legal advice given based on information that the Bellows Falls elders obtained from conversations protected by the minister-communicant privilege. |
| PL 11 | Letter (2 pages) dated January 15, 1999, from elders in the South Congregation of Claremont, NH, to elders in Bellows Falls Congregation regarding internal ecclesiastical governance containing minister-penitent communications between Norton True and Bellows Falls Congregation elders. |
| PL 12 | Letter (3 pages) dated February 23, 1999, from elders in the Bellows Falls Congregation to elders in the South Congregation of Claremont, New Hampshire, regarding internal ecclesiastical governance. |
| PL 13 | Letter (1 page) dated August 2, 1999, from Timothy Friebus (circuit overseer assigned to Vermont) regarding communication with Marina Mavroleon protected under the minister-communicant privilege, regarding internal ecclesiastical governance. |
| PL 14 | Letter (2 pages) dated September 30, 1999, from elders in the Service Department of the U.S. Branch of Jehovah's Witnesses to elders in the Bellows Falls Congregation regarding internal ecclesiastical governance and minister-penitent communications between Norton True and Bellows Falls Congregation elders. |
| PL 15 | Letter (3 pages) dated January 11, 2000, from elders in the Bellows Falls Congregation to elders in the Service Department of the U.S. Branch of Jehovah's Witnesses regarding internal ecclesiastical governance and minister-penitent communications between Norton True and Bellows Falls Congregation elders. |
| PL 16 | Letter (1 page) dated May 1, 2000, from elders in the Service Department of U.S. Branch of Jehovah's Witnesses to elders in the Bellows Falls Congregation regarding internal ecclesiastical governance and minister-penitent communications between Norton True and Bellows Falls Congregation elders. |
| PL 17 | Watchtower Legal Department summary (4 pages) dated May 2, 2000, by Attorney William Bell in Watchtower's Legal Department documenting legal advice provided to elders in the Bellows Falls Congregation based on |

information that the Bellows Falls elders obtained from conversations protected by the minister-communicant privilege.

## REQUEST FOR PRODUCTION NO. 34:

Please produce All Documents Relating To Your discussions with the Perpetrator Regarding the Perpetrator's alleged sexual abuse of Annessa Lewis.

## RESPONSE NO. 34:

Objections:

1. The request seeks information that is privileged under Vermont's clergy-communicant privilege, 33 § 4913 and Evidence Rule 505 (and see FRE 501).

2. The request is overly broad as to scope and time.

3. Watchtower iterates its objection to the term "Your."

4. The request calls for the disclosure of confidential and personal information involving persons who are not parties to this lawsuit the disclosure of which would invade their privacy rights, as identified on the privilege log.

5. The request seeks information related to religious faith, custom, belief, and internal church governance or discipline, Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

6. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information after the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, Watchtower is unable to comply with this category of production despite undertaking a diligent search and reasonable inquiry in an effort to comply as no responsive documents are in Watchtower's possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 35:

Please produce All Documents Relating To Your policies And/Or procedures from 1980 to the present Relating To allegations of sexual abuse of any minor(s).

## RESPONSE NO. 35:

Objections:

1. Watchtower does not have policies and/or procedures relating to allegations of sexual abuse of minors, but follows the scriptural beliefs and practices of the faith of Jehovah's Witnesses.

2. The request as it is overly broad as to time. The last alleged incident is claimed to have occurred in 1996. Therefore, any beliefs and practices concerning allegations of sexual abuse of a minor discussed in documents dated after that date would not be relevant to any issue in this litigation.

3. Watchtower reiterates its objection to the term "Your."

4. The request seeks information related to religious faith, custom, belief, and internal church governance or discipline, Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

5. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information <u>after</u> the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections Defendant responds as follows: The following documents constitute Jehovah's Witnesses' beliefs and practices relating to the sexual abuse of a minor through 1996.

- February 8, 1981, *Awake!*, pp. 16-19 "Incest—The Hidden Crime"

- June 22, 1982, *Awake!*, pp. 7-8 "'Baby Pros and Kiddie Porn'"; pp. 9-10 "Rape at Home"; pp. 11-12 "To End Child Abuse"

- October 1, 1983, *The Watchtower*, pp. 27-31 "Help for the Victims of Incest"

- November 22, 1983, *Awake!*, pp. 5-6 "Child Abuse—The Spin-off Epidemic"

- January 22, 1985, *Awake!*, pp. 3-4 "Child Molesting—Every Mother's Nightmare"; pp. 4-6 "Child Molesting—Who Would Do a Thing Like That?"; pp. 6-10 "Child Molesting—You Can Protect Your Child"

- July 22, 1985, *Awake!*, pp. 26-28 "From Our Readers—Response on Child Molesting"

- December 22, 1986, *Awake!*, pp. 7-11 "The Pornography Plague—Resist It!"

- December 8, 1987, *Awake!*, pp. 4-6 "The Day-Care Controversy" [Sidebar, page 6] "Day Care and Sexual Abuse"

- January 8, 1990, *Awake!*, p. 25 "The Most Pervasive Form of Child Abuse"

- October 8, 1991, *Awake!*, p. 3 "The Innocent Victims of Child Abuse"; pp. 4-6 "The Secret Wounds of Child Abuse"; pp. 7-11 "'A Time To Heal'"

- April 8, 1992, *Awake!*, pp. 24-27 "'I Wept for Joy'"

- October 8, 1992, *Awake!*, p. 32, "Answer to a Prayer"

- April 8, 1993, *Awake!*, pp. 20-21 "Millions Are Suffering—Can They Be Helped?"; p. 31 "Victims of Pedophile Priests Speak Out"

- July 22, 1993, *Awake!*, pp. 6-7 "Abusive Parents—The Ultimate Stressors"

- October 8, 1993, *Awake!* pp. 3-4 "Your Child Is in Danger!"; pp. 5-9 'How can We Protect our Children?"; [Sidebar, page 6] "common Misconceptions"; pp. 10-14 'Prevention in the Home"

- November 22, 1993, *Awake!*, p. 30 "Help at the Right Time"

- December 22, 1993, *Awake!*, p. 30 "From Our Readers—Children Under Stress"

- January 1, 1994, *The Watchtower*, pp. 20-5, "*The Watchtower* and *Awake!*—Timely Journals of Truth"

- November 1, 1995, *The Watchtower*, pp. 25-29 "Comfort for Those with A Stricken Spirit"

Subject to and without waiving its objections, Watchtower will produce the following confidential documents referring to Jehovah's Witnesses' beliefs and practices relating to the sexual abuse of a minor without redactions subject to the execution by Lewis's attorney of an appropriate agreed protective order.

- July 1, 1989, letter To All Bodies of Elders in the United States

- *Pay Attention to Yourselves and All the Flock* (1991), pp. 17, 80, 93, 112, 126

- March 23, 1992, letter To All Bodies of Elders in the United States

- February 3, 1993, letter To All Bodies of Elders in the United States

- August 1, 1995, letter To All Bodies of Elders in the United States

## REQUEST FOR PRODUCTION NO. 36:

Please produce All Documents Relating To Your policies And/Or procedures from 1980 to the present to supervise And/Or monitor an elder, ministerial servant, congregant, employee, volunteer, representative Or agent who had allegations of sexual abuse against any minor(s) made against him/her.

## RESPONSE NO. 36:

See this Defendant's objections and responses to Request No. 35 above.

**REQUEST FOR PRODUCTION NO. 37:**

Please produce All liability insurance policies obtained or purchased by You from 1993 to 1996 and 2013 to 2014.

**RESPONSE NO. 37:**

Objection: Watchtower objects to the request as it is vague, ambiguous, and overly broad as to scope and time. For example, "all liability insurance" includes automobile liability, environmental liability, and many other forms of liability that are not relevant to this lawsuit. Further, insurance purchased in 2013 and 2014 bears no possible relevance to this lawsuit and nothing in them could possibly lead to the discovery of admissible evidence.

Watchtower reiterates its objection as to the term "You."

Watchtower here produces copies of the declaration pages of its 1993-1996 policies of comprehensive general liability coverages. If full policies of insurance are required, please advise Watchtower's attorney. The policies are voluminous. If you desire the policies in full, we shall advise the cost to copy them.

**REQUEST FOR PRODUCTION NO. 38:**

Please produce All Documents Relating To Your organizational structure.

**RESPONSE NO. 38:**

Objections:

1. Watchtower objects to the request as it is overly broad as to time.

2. Watchtower reiterates its objection to the term "Your."

3. Watchtower objects to the request as it is ambiguous, as to the term "organizational."

Subject to and without waiving these objections, attached is the following responsive document.

Chapter 4 of the book *Organized to Accomplish Our Ministry*, 1989 edition.

**REQUEST FOR PRODUCTION NO. 39:**

Please produce All Documents Relating To the organizational structure of the Jehovah's Witness Church.

**RESPONSE NO. 39:**

Objections:

1. Watchtower objects to the request as it is overly broad as to scope and time.

34

2. Watchtower objects to the request as the terms "organizational structure" and "Jehovah's Witness Church" are ambiguous.

Subject to and without waiving these objections, attached is the following responsive document.

Chapter 4 of the book *Organized to Accomplish Our Ministry*, 1989 edition.

## REQUEST FOR PRODUCTION NO. 40:

Please produce All Documents Relating To or describing the duties And obligations of ministerial servants within the Jehovah's Witness Church.

## RESPONSE NO. 40:

Objections:

1. Watchtower objects to the request as it is overly broad as to scope and time.

2. The request seeks information that is irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

3. Watchtower objects to the request as it is vague, ambiguous, and unintelligible as to the terms "duties," "obligations," and "Jehovah's Witness Church."

4. To the extent that the request seeks information related to religious faith, custom, belief, or to internal church governance or discipline, Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

5. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information after the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving these objections, attached is the following responsive document.

Chapter 6 of the book *Organized to Accomplish Our Ministry*, 1989 edition.

## REQUEST FOR PRODUCTION NO. 41:

Please produce All Documents Relating To or describing the process by which a person is nominated, appointed, evaluated, recommended, approved and installed as a ministerial servant within the Jehovah's Witness Church.

## RESPONSE NO. 41:

See this Defendant's objections and response to Request No. 40 above.

**REQUEST FOR PRODUCTION NO. 42:**

Please produce All Documents Relating To or describing the duties And obligations of elders within the Jehovah's Witness Church.

**RESPONSE NO. 42:**

Objections:

1. Watchtower objects to the request as it is overly broad as to scope and time.

2. The request seeks information that is irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

3. Watchtower further objects to the request as it is ambiguous, compound, and unintelligible as to the terms "duties" and "obligations."

4. The request seeks information related to religious faith, custom, belief, and internal church governance or discipline; Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

5. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information <u>after</u> the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving these objections, attached is the following responsive document.

Chapter 5 of the book *Organized to Accomplish Our Ministry*, 1989 edition.

**REQUEST FOR PRODUCTION NO. 43:**

Please produce All Documents Relating To or describing the process by which a person is nominated, appointed, evaluated, recommended, approved and installed as an elder within the Jehovah's Witness Church.

**RESPONSE NO. 43:**

See Watchtower's objections and response to Request No. 42 above.

**REQUEST FOR PRODUCTION NO. 44:**

Please produce All operative iterations of the Documents entitled "Pay Attention to Yourselves and to All the Flock" in effect between 1976 and the present.

36

**RESPONSE NO. 44:**

1.  Watchtower objects to the request as it is overly broad as to scope and time.

2.  The request seeks information that is irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

3.  The request seeks information related to religious faith, custom, belief, and internal church governance or discipline; Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

Subject to and without waiving these objections, Watchtower will produce the following confidential documents subject to the execution by Lewis's attorney of an appropriate agreed protective order.

*Pay Attention to Yourselves and All the Flock* (1977)

*Pay Attention to Yourselves and All the Flock* (1979)

*Pay Attention to Yourselves and All the Flock* (1981)

*Pay Attention to Yourselves and All the Flock* (1991)

**REQUEST FOR PRODUCTION NO. 45:**

Please produce All Documents transmitted between You and Defendant Bellows Falls Congregation of Jehovah's Witnesses, Bellows Falls, Vermont, Regarding the Perpetrator at any time.

**RESPONSE NO. 45:**

Objections:

1.  The request seeks information that is privileged under Vermont's clergy-communicant privilege, 33 § 4913 and Evidence Rule 505 (and see FRE 501).

2.  The request is overly broad as to scope and time.

3.  The request seeks information that is irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

4.  Watchtower iterates its objection as to the term "You."

5.  The request constitutes an unwarranted invasion of the constitutional, statutory, and common-law rights of privacy of Defendant True and other persons who are not parties to this lawsuit.

6. The request seeks information related to religious faith, custom, belief, or to internal church governance or discipline, Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

7. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information after the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, Watchtower will produce the following responsive documents with redaction of privileged information (see Privilege Log) subject to the execution by Lewis's attorney of an appropriate agreed protective order.

| Doc. No. | Description |
| --- | --- |
| PL 2 | Form S-2a (2 pages) dated November 22, 1986, containing privileged information about internal ecclesiastical governance protected by the U.S. Constitution's First Amendment, information protected under the minister-communicant privilege, and information protected by personal privacy rights of third-parties (names and personal comments about spiritual qualities of persons who are not parties to this lawsuit). |
| PL 3 | Form S-2 (2 pages) dated [Month] 24-29, [Year] (month and year withheld until after Plaintiff's deposition), containing privileged information about internal ecclesiastical governance protected under the First Amendment, information protected under the minister-communicant privilege, and information protected by personal privacy rights of third-parties (comments by elders about spiritual qualities of persons who are not involved in this lawsuit). |
| PL 4 | Form S-2a (2 pages) dated [Month] 13-18, [Year] (month and year withheld until after Plaintiff's deposition is completed), containing privileged information about internal ecclesiastical governance protected under the First Amendment, information protected under the minister-communicant privilege, and information protected by personal privacy rights of third-parties (comments by elders about persons who are not involved in this lawsuit). |
| PL 8 | Form S-2 (2 pages) dated [Month] 19, [Year] (month and year withheld until after Plaintiff's deposition is completed), containing privileged information about internal ecclesiastical governance protected under the First Amendment and information protected by personal privacy rights of third-parties (names of persons who are not involved in this lawsuit). |
| PL 18 | Form S-2a (2 pages) dated [Month] 25-30, [Year] (month and year withheld until after Plaintiff's deposition is completed), containing privileged information about internal ecclesiastical governance protected under the |

First Amendment, information protected under the minister-communicant privilege, and information protected by personal privacy rights of third-parties (names and personal comments about persons who are not involved in this lawsuit).

The S-2 forms retained in Watchtower's file dated before and after those listed above are patently irrelevant and contain no information that could lead to the discovery of relevant or admissible evidence, and will not be produced.

Subject to and without waiving its objections, the following documents from Watchtower's attached Privilege Log responsive to the request are not produced based on the privileges listed on the log:

| Doc. No. | Description |
|---|---|
| PL 1 | Letter (1 page) dated November 20, 1986, from Bellows Falls Congregation elders to elders in the Service Department of the U.S. Branch of Jehovah's Witnesses regarding ecclesiastical discipline unrelated to child abuse. |
| PL 14 | Letter (2 pages) dated September 30, 1999, from elders in the Service Department of the U.S. Branch of Jehovah's Witnesses to elders in the Bellows Falls Congregation regarding internal ecclesiastical governance and minister-penitent communications between Norton True and Bellows Falls Congregation elders. |
| PL 15 | Letter (3 pages) dated January 11, 2000, from elders in the Bellows Falls Congregation to elders in the Service Department of the U.S. Branch of Jehovah's Witnesses regarding internal ecclesiastical governance and minister-penitent communications between Norton True and Bellows Falls Congregation elders. |
| PL 16 | Letter (1 page) dated May 1, 2000, from elders in the Service Department of U.S. Branch of Jehovah's Witnesses to elders in the Bellows Falls Congregation regarding internal ecclesiastical governance and minister-penitent communications between Norton True and Bellows Falls Congregation elders. |

**REQUEST FOR PRODUCTION NO. 46:**

Please produce All form S-79a or S-79a-S forms Relating To the Perpetrator.

**RESPONSE NO. 46:**

Objections:

1. The request seeks information that is privileged under Vermont's clergy-communicant privilege, 33 § 4913 and Evidence Rule 505 (and see FRE 501). The information that

is privileged concerns a 1986 disciplinary matter that does not pertain to child abuse or molestation.

2. The request is overly broad as to time.

3. The request seeks information that is irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

4. The request calls for the disclosure of confidential and personal information involving Defendant True and persons who are not parties to this lawsuit the disclosure of which would invade their privacy rights.

5. The request seeks information related to religious faith, custom, belief, and internal church governance or discipline; Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

6. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information <u>after</u> the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, Watchtower is unable to comply with this category of production despite undertaking a diligent search and reasonable inquiry in an effort to comply as no responsive documents are in Watchtower's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 47:**

Please produce All form S-79b or S-79b-S forms Relating To the Perpetrator.

**RESPONSE NO. 47:**

See objections and response to Request 46.

**REQUEST FOR PRODUCTION NO. 48:**

Please produce copies of all iterations of Your articles of incorporation.

**RESPONSE NO. 48:**

Objections:

1. The request is overly broad as to time.

2. Watchtower reiterates its objection to the term "Your."

Subject to and without waiving its objections, Watchtower here produces its articles of incorporation.

**REQUEST FOR PRODUCTION NO. 49:**

Please produce copies of All iterations of Your corporate charter in effect from 1990 to the present.

**RESPONSE NO. 49:**

See objections and response to Request No. 48.

**REQUEST FOR PRODUCTION NO. 50:**

Please produce copies of All iterations of Your corporate by-laws in effect from 1990 to the present.

**RESPONSE NO. 50:**

Watchtower reiterates its objections to the term "Your."

Subject to and without waiving its objection, Watchtower will produce the following: Bylaws of Watchtower Bible and Tract Society of New York, Inc.

**REQUEST FOR PRODUCTION NO. 51:**

Please produce copies of All Documents maintained by Your circuit overseers, traveling overseers, Or district overseers Relating To Or mentioning the Perpetrator.

**RESPONSE NO. 51:**

Objections:

1. The documents requested contain information that is privileged under Vermont's clergy-communicant privilege, 33 § 4913 and Evidence Rule 505 (and see FRE 501).

2. The request is overly broad as to scope and time.

3. Watchtower reiterates its objection as to the term "Your."

4. The request seeks information related to religious faith, custom, belief, and internal church governance or discipline; Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

5. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information <u>after</u> the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, Watchtower is unable to comply with this category of production despite undertaking a diligent search and reasonable inquiry in an effort to comply as no responsive documents are in Watchtower's possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 52:

Please produce All Reports on Circuit Overseer's visit with the congregation, including All S-303 or S-303-S forms Relating To Bellows Falls Congregation of Jehovah's Witnesses, Bellows Falls, Vermont, from 1990 until 2014.

## RESPONSE NO. 52:

Objections:

1. The documents requested contain information that is privileged under Vermont's clergy-communicant privilege, 33 § 4913 and Evidence Rule 505 (and see FRE 501).

2. The request is overly broad as to time.

3. The request seeks information that is patently irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

4. Watchtower reiterates its objection as to the term "You."

5. The request constitutes an unwarranted invasion of the constitutional, statutory, and common-law rights of privacy of the individuals named therein as well as those of the congregation.

6. The request seeks information related to religious faith, custom, belief, and internal church governance or discipline; Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

7. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information after the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

The S-303 forms retained in Watchtower's file are dated from 1999 and later and will not be produced. They are patently irrelevant and contain no information that would lead to the discovery of admissible evidence.

## REQUEST FOR PRODUCTION NO. 53:

Please produce All S-2 or S-2-S forms Relating To Bellows Falls Congregation of Jehovah's Witnesses, Bellows Falls, Vermont, from 1990 to 2014.

**RESPONSE NO. 53:**

Objections:

1. The request is overly broad as to time.

2. The request seeks information that is patently irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

3. Watchtower reiterates its objection as to the term "You."

4. The request calls for the disclosure of confidential and personal information involving persons named in the documents who are not parties to this lawsuit, the disclosure of which would invade their privacy rights, as described in the privilege log.

5. The request seeks information related to religious faith, custom, belief, and internal church governance or discipline; Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

6. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information <u>after</u> the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, Watchtower will produce the following responsive document with redaction of privileged information (see Privilege Log) subject to the execution by Lewis's attorney of an appropriate agreed protective order.

| Doc. No. | Description |
|----------|-------------|
| PL 3 | Form S-2 (2 pages) dated [Month] 24-29, [Year] (month and year withheld until after Plaintiff's deposition), containing privileged information about internal ecclesiastical governance protected under the First Amendment, information protected under the minister-communicant privilege, and information protected by personal privacy rights of third-parties (comments by elders about spiritual qualities of persons who are not involved in this lawsuit). |
| PL 4 | Form S-2a (2 pages) dated [Month] 13-18, [Year] (month and year withheld until after Plaintiff's deposition is completed), containing privileged information about internal ecclesiastical governance protected under the First Amendment, information protected under the minister-communicant privilege, and information protected by personal privacy rights of third-parties (comments by elders about persons who are not involved in this lawsuit). |

PL 8        Form S-2 (2 pages) dated [Month] 19, [Year] (month and year withheld until after Plaintiff's deposition is completed), containing privileged information about internal ecclesiastical governance protected under the First Amendment and information protected by personal privacy rights of third-parties (names of persons who are not involved in this lawsuit).

PL 18     Form S-2a (2 pages) dated [Month] 25-30, [Year] (month and year withheld until after Plaintiff's deposition is completed), containing privileged information about internal ecclesiastical governance protected under the First Amendment, information protected under the minister-communicant privilege, and information protected by personal privacy rights of third-parties (names and personal comments about persons who are not involved in this lawsuit).

The S-2 forms retained in Watchtower's file from 1990 through March 2001, but which are dated prior to and after the S-2 forms listed above, are patently irrelevant and do not contain information that could lead to the discovery of admissible evidence, and will not be produced.

## REQUEST FOR PRODUCTION NO. 54:

Please produce All Circuit Files, including All Documents Or files maintained Or generated by Your circuit overseers, traveling overseers OR district overseers Relating to Bellows Falls Congregation of Jehovah's Witnesses, Bellows Falls, Vermont, from 1990 through 2014.

## RESPONSE NO. 54:

Objections:

1. The request as it is overly broad as to time.

2. The request seeks information that is patently irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

3. Watchtower reiterates its objection as to the term "Your."

4. The request calls for the disclosure of confidential and personal information involving persons named in the documents who are not parties to this lawsuit the disclosure of which would invade their privacy rights, as described in the privilege log.

5. The request seeks information related to religious faith, custom, belief, and internal church governance or discipline; Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

6. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information <u>after</u> the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, Watchtower will produce the following responsive document with redaction of privileged information (see Privilege Log) subject to the execution by Lewis's attorney of an appropriate agreed protective order.

| Doc. No. | Description |
|----------|-------------|
| PL 3 | Form S-2 (2 pages) dated [Month] 24-29, [Year] (month and year withheld until after Plaintiff's deposition), containing privileged information about internal ecclesiastical governance protected under the First Amendment, information protected under the minister-communicant privilege, and information protected by personal privacy rights of third-parties (comments by elders about spiritual qualities of persons who are not involved in this lawsuit). |
| PL 4 | Form S-2a (2 pages) dated [Month] 13-18, [Year] (month and year withheld until after Plaintiff's deposition is completed), containing privileged information about internal ecclesiastical governance protected under the First Amendment, information protected under the minister-communicant privilege, and information protected by personal privacy rights of third-parties (comments by elders about persons who are not involved in this lawsuit). |
| PL 8 | Form S-2 (2 pages) dated [Month] 19, [Year] (month and year withheld until after Plaintiff's deposition is completed), containing privileged information about internal ecclesiastical governance protected under the First Amendment and information protected by personal privacy rights of third-parties (names of persons who are not involved in this lawsuit). |
| PL 18 | Form S-2a (2 pages) dated [Month] 25-30, [Year] (month and year withheld until after Plaintiff's deposition is completed), containing privileged information about internal ecclesiastical governance protected under the First Amendment, information protected under the minister-communicant privilege, and information protected by personal privacy rights of third-parties (names and personal comments about persons who are not involved in this lawsuit). |

The S-2 forms generated by circuit overseers and retained in Watchtower's file from 1990 through March 2001, but which are dated prior to and after the S-2 forms listed above, are patently irrelevant and do not contain information that could lead to the discovery of admissible evidence, and will not be produced. Also, the S-303 forms generated by circuit overseers and retained in Watchtower's file are all dated from 1999 or later and will not be produced, as they are patently irrelevant and contain no information that would lead to the discovery of admissible evidence.

Subject to and without waiving its objections, the following documents from Watchtower's attached Privilege Log responsive to the request are not produced based on the privileges listed on the log:

PL 13        Letter (1 page) dated August 2, 1999, from Timothy Friebus (circuit overseer assigned to Vermont) regarding communication with Marina Mavroleon protected under the minister-communicant privilege, regarding internal ecclesiastical governance.

## REQUEST FOR PRODUCTION NO. 55:

Please produce All S-21 or S-21-S forms Regarding the Perpetrator.

## RESPONSE NO. 55:

Objections:

1. Watchtower objects to the request as it is overly broad as to time.

2. The request seeks information that is irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

3. The request constitutes an unwarranted invasion of the constitutional, statutory, and common-law rights of privacy of Defendant True.

4. The request seeks information related to religious faith, custom, belief, and internal church governance or discipline; Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

5. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information <u>after</u> the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, Defendant responds as follows: Watchtower is unable to comply with this category of production despite undertaking a diligent search and reasonable inquiry in an effort to comply as no responsive documents are in Watchtower's possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 56:

Please produce All Congregation Reports (Form S-1 or S-1-S) Relating To You from 1990 to 2014.

## RESPONSE NO. 56:

Objections:

1. The request is overly broad as to time.

2. The request seeks information that is patently irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

3. Watchtower reiterates its objection as to the term "You."

4. The request seeks information related to religious faith, custom, belief, and internal church governance or discipline; Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

5. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information <u>after</u> the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, Watchtower is unable to comply with this category of production despite undertaking a diligent search and reasonable inquiry in an effort to comply as no responsive documents are in Watchtower's possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 57:

Please produce All letters of introduction Regarding the Perpetrator.

## RESPONSE NO. 57:

Objections:

1. The request seeks information that is privileged under Vermont's clergy-communicant privilege, 33 § 4913 and Evidence Rule 505 (and see FRE 501).

2. The request is overly broad as to time.

3. The request constitutes an unwarranted invasion of the constitutional, statutory, and common-law rights of privacy of The True family.

4. The request seeks information related to religious faith, custom, belief, and internal church governance or discipline, Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

5. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information <u>after</u> the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, Watchtower is unable to comply with this category of production despite undertaking a diligent search and reasonable inquiry in an effort to comply as no responsive documents are in Watchtower's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 58:**

Please produce All S-3 or S-3-S forms Regarding the Perpetrator.

**RESPONSE NO. 58:**

Objections:

1. The request is overly broad as to time.

2. The request seeks information that is irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

3. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information <u>after</u> the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, Watchtower is unable to comply with this category of production despite undertaking a diligent search and reasonable inquiry in an effort to comply as no responsive documents are in Watchtower's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 59:**

Please produce All bible study reports Or logs of bible study sessions provided by the Perpetrator.

**RESPONSE NO. 59:**

Objections:

1. The request is overly broad as to time.

2. The request seeks information that is irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

3. The request calls for the disclosure of confidential and personal information of Defendant True or involving persons who are not parties to this lawsuit the disclosure of which would invade their privacy rights.

4. The request seeks information related to religious faith, custom, belief, and internal church governance or discipline, Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

5. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information <u>after</u> the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, Watchtower is unable to comply with this category of production despite undertaking a diligent search and reasonable inquiry in an effort to comply as no responsive documents are in Watchtower's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 60:**

Please produce All publisher cards Regarding the Perpetrator.

**RESPONSE NO. 60:**

Objections:

1. The request as it overly broad as to time.

2. The request seeks information that is irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

3. The request constitutes an unwarranted invasion of the constitutional, statutory, and common-law rights of privacy of Defendant True.

4. The request seeks information related to religious faith, custom, belief, and internal church governance or discipline, Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

5. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information <u>after</u> the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, Watchtower is unable to comply with this category of production despite undertaking a diligent search and reasonable inquiry in an effort to comply as no responsive documents are in Watchtower's possession, custody, or control.

**REQUEST FOR PRODUCTION NO. 61:**

Please produce All Pioneer applications Relating To the Perpetrator.

**RESPONSE NO. 61:**

Objections:

1. The request is overly broad as to time.

2. The request seeks information that is irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

3. The request constitutes an unwarranted invasion of the constitutional, statutory, and common-law rights of privacy of Defendant True.

4.   The request seeks information related to religious faith, custom, belief, and internal church governance or discipline, Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

5.   This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information <u>after</u> the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, Watchtower is unable to comply with this category of production despite undertaking a diligent search and reasonable inquiry in an effort to comply as no responsive documents are in Watchtower's possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 62:

Please produce All entries on the child molester database maintained Or controlled by You Relating To the Perpetrator Or Any of his known victims.

## RESPONSE NO. 62:

Objections:

1.   The request is overly broad as to time.

2.   Watchtower reiterates its objection as to the term "You."

3.   The request constitutes an unwarranted invasion of the constitutional, statutory, and common-law rights of privacy of Defendant True.

4.   The request seeks information related to religious faith, custom, belief, and internal church governance or discipline, Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

5.   The request improperly seeks documents protected by the attorney-client privilege and Attorney work product doctrine.

6.   The request is ambiguous and unintelligible as to the term "child molester database," as Defendant maintains no such database.

7.   This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information <u>after</u> the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, Watchtower lists the following documents as potentially responsive to the request, but withheld for the reasons stated on the privilege log:

PL 7      Telememos (12 pages) dated July 29, 1996, July 30, 1996, August 2, 1996, and May 2, 2000, of telephone calls between two elders in the Bellows Falls Congregation and Watchtower Legal Department attorneys Richard Moake (identified by desk symbol "LLJ"), Gregory Olds (identified by desk symbol "LLD"), and William Bell (identified by desk symbol "LLE") documenting legal advice given based on information that the Bellows Falls elders obtained from conversations protected by the minister-communicant privilege.

PL 17      Watchtower Legal Department summary (4 pages) dated May 2, 2000, by Attorney William Bell in Watchtower's Legal Department documenting legal advice provided to elders in the Bellows Falls Congregation based on information that the Bellows Falls elders obtained from conversations protected by the minister-communicant privilege.

## REQUEST FOR PRODUCTION NO. 63:

Please produce All Body of Elders letters distributed by You between January 1, 1975 and September 30, 2014.

## RESPONSE NO. 63:

Objections:

1. The request is overly broad as to scope and time.

2. The request seeks information that is irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

3. Watchtower reiterates its objection as to the term "You."

4. The request seeks information related to religious faith, custom, belief, or to internal church governance or discipline, Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

5. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information after the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Watchtower will produce Body of Elders letters dated January 1, 1975, to December 31, 1996, that pertain to child abuse or disciplinary proceedings and that have been retained in the Congregation Elders' file of Body of Elders' letters, subject to the execution by Lewis's attorney of an appropriate agreed protective order. Body of Elder letters received and retained after 1996, the last year Plaintiff alleges she was abused, or any that are not related to child abuse or disciplinary proceedings are patently irrelevant and will not be produced.

**REQUEST FOR PRODUCTION NO. 64:**

Please produce All Documents transmitted between You and the Christian Congregation of Jehovah's Witnesses, Inc., Regarding the Perpetrator at any time.

**RESPONSE NO. 64:**

Objections:

1. The request seeks information that is privileged under Vermont's clergy-communicant privilege, 33 § 4913 and Evidence Rule 505 (and see FRE 501). The information that is privileged concerns a 1986 disciplinary matter that does not pertain to child abuse or molestation.

2. The request is overly broad as to scope and time.

3. The request seeks information that is irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

4. Watchtower reiterates its objection as to the term "You."

5. The request constitutes an unwarranted invasion of the constitutional, statutory, and common-law rights of privacy of Defendant True and other individuals named in the documents who are not parties to the lawsuit.

6. The request seeks information related to religious faith, custom, belief, and internal church governance or discipline, Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

7. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information <u>after</u> the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving its objections, Watchtower is unable to comply with this category of production because no documents regarding the Perpetrator were transmitted between Watchtower and Christian Congregation of Jehovah's Witnesses, Inc.

**REQUEST FOR PRODUCTION NO. 65:**

Please produce All Documents received by You in response to the Body of Elders letter dated March 14, 1997.

**RESPONSE NO. 65:**

Objections:

1. The request seeks information that is privileged under Vermont's clergy-communicant privilege, 33 § 4913 and Evidence Rule 505 (and see FRE 501), as well as documents that are privileged under minister-penitent, clergy-communicant, and similar laws of the various states throughout the United States.

2. The request is overly broad as to time.

3. The request seeks information that is patently irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. No letter was written about Defendant True, and no letter was written by Defendant Bellows Falls Congregation.

4. The request constitutes an unwarranted invasion of the constitutional, statutory, and common-law rights of privacy of the individuals who are not parties to this litigation.

5. The request seeks information related to religious faith, custom, belief, and internal church governance or discipline, Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

6. The request improperly seeks documents protected by the attorney-client privilege and attorney work product doctrine.

7. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information <u>after</u> the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving these objections, Watchtower intends to file a protective order related to this request which will more fully describe the nature and content of the responses it received to the letter to all bodies of elders dated March 14, 1997.

## REQUEST FOR PRODUCTION NO. 66:

Please produce All iterations of "Branch Organization" in effect between 1990 and the present.

## RESPONSE NO. 66:

Objections:

1. The request is overly broad as to time.

2. The request seeks information that is patently irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. The Branch Organization book describes how branches operate at the branch level, not how congregations handle child abuse allegations.

3. The request seeks information related to religious faith, custom, belief, and internal church governance or discipline, Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

4. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information <u>after</u> the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

## REQUEST FOR PRODUCTION NO. 67:

Please produce All Documents referencing allegations of sexual abuse of children within the Jehovah's Witnesses Church since 1960.

## RESPONSE NO. 67:

Objections:

1. The request seeks information that is privileged under Vermont's clergy-communicant privilege, 33 § 4913 and Evidence Rule 505 (and see FRE 501), as well as documents that are privileged under minister-penitent, clergy-communicant, and similar laws of the various states throughout the United States.

2. The request is overly broad as to scope and time.

3. The request seeks information that is patently irrelevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence.

4. The request constitutes an unwarranted invasion of the constitutional, statutory, and common-law rights of privacy of the individuals who are not parties to this litigation.

5. The term "Jehovah's Witness Church" is vague, ambiguous, and unintelligible.

6. The request seeks information related to religious faith, custom, belief, and internal church governance or discipline, Watchtower objects on the basis of the First Amendment to the U.S. Constitution and its Vermont analog, which bar court inquiry into such matters. *See, e.g., Serbian Eastern Orthodox Diocese v. Milivojevich*, 426 U.S. 696 (1976).

7. The request improperly seeks documents protected by the attorney-client privilege and Attorney work product doctrine.

8. This request seeks documents and information beyond the period of Defendant True's alleged molestation of Plaintiff. Any such documents and information <u>after</u> the alleged abuse are irrelevant to Plaintiff's sole remaining claim for negligence.

Subject to and without waiving these objections, Watchtower intends to file a protective order related to this request which will more fully describe the overly burdensome nature of this request.

## REQUEST FOR PRODUCTION NO. 68:

Please produce all statements made by anyone with knowledge or purporting to have knowledge of the events set out in the Complaint.

## RESPONSE NO. 68:

Objections:

1. The request is vague, ambiguous, compound, and unintelligible as to the terms "events set out in the Complaint."

2. The request improperly seeks documents protected by the attorney-client privilege and Attorney work product doctrine.

Subject to and without waiving its objections, Watchtower is unable to comply with this category of production despite undertaking a diligent search and reasonable inquiry in an effort to comply as no non-privileged responsive documents are in Watchtower's possession, custody, or control.

## REQUEST FOR PRODUCTION NO. 69:

Please produce any insurance agreement under which any Person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for any payments made to satisfy the judgment.

## RESPONSE NO. 69:

See objections and responses to Request No. 37, above, which are repeated here.

The following insurance policies were in force from 1990-1996:

**1989-1990**: CGL by AIG/National Union in force 10/1/89-90: $1 million per occurrence and aggregate with $100,000 SIR.

Umbrella by AIG/National Union in force 10/1/89-90: $4 million. No abuse coverage.

**1990-91**: CGL by AIG/National Union in force 10/1/90-91: $1 million per occurrence and aggregate with $100,000 SIR.

Umbrella by AIG/National Union in force 10/1/90-91: $4 million.

Excess by Harbor in force 10/1/90-91: $6 million.

Excess by Continental Ins. Co. 10/1/90-91 (policy bought back)

**1991-92**: CGL by AIG/National Union in force 10/1/91-92: $1 million per occurrence and aggregate with $100,000 SIR.

Umbrella by AIG/National Union in force 10/1/91-92: $4 million.

Excess by Fidelity & Casualty in force 10/1/91-92: $6 million.

Excess by Continental Ins. Co. 10/1/91-92 (policy bought back)


**1992-93**: CGL by AIG/National Union in force 10/1/92-93: $1 million with $100,000 SIR.

Umbrella by AIG/National Union in force 10/1/92-93: $4 million.

Excess by Continental Ins. Co. 10/1/92-93 (policy bought back)


**1993-94**: CGL by CNA in force 10/1/93-94: $1 million with $100,000 SIR. (policy bought back)

Umbrella by AIG/National Union in force 10/1/93-94: $4 million.

Excess by Continental Ins Co. in force 10/1/93-94 (policy bought back)


**1994-95** Continental Ins Co. in force 10/1/94-95: $1 million per occurrence, $3 million annual aggregate. $100,000 SIR. (policy bought back)

Excess by Continental Ins. Co. in force 10/1/94-95 (policy bought back)

**1995-96**: St. Paul Fire and Marine, in force 10/1/95-96: $1 million per occurrence, $2 million annual aggregate. $250,000 sexual sublimit. (policy bought back)

The insurance policies are voluminous. Please advise which ones you want produced and we shall advise the copying costs.

Dated at Burlington, Vermont this 16 day of September, 2015.

                                        WATCHTOWER BIBLE AND TRACT
                                        SOCIETY OF NEW YORK, INC.

                            By:
                                        Pietro J. Lynn, Esq.
                                        Barbara R. Blackman, Esq.
                                        Lynn, Lynn, Blackman & Manitksy, P.C.
                                        76 St. Paul Street, Suite 400
                                        Burlington, VT 05401
                                        plynn@lynnlawvt.com